UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHERINE PETILLO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DILIGENT CORPORATION and UNIVERSITY OF COLORADO HEALTH dba UCHEALTH,<br><br>Defendants. | Case No. 1:23-cv-02439-LLS<br><br>Judge Louis L. Stanton |

**DECLARATION OF RAINA C. BORRELLI IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1. I am counsel for Plaintiff Katherine Petillo in the above-captioned case. This declaration supports Plaintiff's motion for Preliminary Approval of Class Action Settlement. I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

**LITIGATION BACKGROUND**

2. Plaintiff Katherine Petillo is a victim of the Security Incident experienced by Defendants Diligent Corporation and University of Colorado Health, dba UCHealth ("Defendants"). As such, Plaintiff was among the approximate 41,299 other individuals affected by the Security Incident.

3. Before filing this case, Plaintiff's Counsel conducted extensive pre-suit discovery to determine: all publicly available details about the cause, scope, and result of the Security Incident, and the damages suffered by the Plaintiff and the Class.

1

4. Following Defendants' notification to those affected by the Security Incident and an investigation by Settlement Class Counsel, Plaintiff filed this class action lawsuit against Defendants in this Court on March 22, 2023.

5. Plaintiff alleged, on behalf of herself and a putative nationwide class and Colorado subclass that, because of the Security Incident, Defendants were liable for negligence, negligence *per se*, breach of an implied contract, breach of contract, unjust enrichment, and violation of the Colorado Consumer Protection Act.

6. Recognizing the benefits of early resolution, the parties agreed to mediate on August 16, 2023.

7. After agreeing to mediate and prior to the mediation, Plaintiff requested, and Defendants produced, key information about the size and residence of the putative class, the types of information affected by the Security Incident, the scope of the Security Incident and how it occurred, and how Defendants responded to the Security Incident.

8. Armed with this information, Plaintiff was able to enter mediation with a deep understanding of the facts of the case, despite the early stage of this litigation.

**MEDIATION**

9. On August 16, 2023, the parties engaged in a full day of mediation with Mr. Bruce A. Friedman, Esq., an experienced mediator with JAMS.

10. Under his guidance, the parties negotiated at "arm's length"—communicating their positions through him while evaluating the strengths and weaknesses of the relevant claims and defenses.

11. From the start, the parties agreed that they would not negotiate attorneys' fees or service awards until after they reached an agreement on the core terms of the Settlement. As such, Plaintiff avoided conflict between herself and Settlement Class Members.

12. While the negotiations at mediation were always collegial, cordial, and professional, there is no doubt that they were adversarial in nature, with all parties forcefully advocating the position of their respective clients.

13. Mr. Friedman assisted the parties in reaching resolution on certain key terms, but it was not until weeks later that the parties reached final resolution after continued negotiations.

14. A term sheet was agreed to on September 8, 2023, and in the weeks that followed, the parties diligently negotiated and prepared the Settlement, along with accompanying notices, a Claim Form, and other exhibits.

15. Thereafter, the parties agreed that Angeion Group would serve as the Settlement Administrator. The parties chose Angeion because it has a long and proven track record of successfully administrating complex class action settlements.

16. The Settlement was finalized and executed on December 5, 2023. A true and correct copy of the Settlement Agreement and Exhibits is attached as **Exhibit A**.

17. Settlement Class Counsel has successfully negotiated the Settlement of this matter to the benefit of Plaintiff and Settlement Class Members.

18. Moreover, Plaintiff has assisted in the investigation of this case, reviewed and approved pleadings, stayed in contact with Class Counsel, and answered Class Counsel's many questions. Plaintiff is informed of the risks of continued litigation and the benefits of early resolution.

## **COUNSEL'S RECOMMENDATION**

19. Counsel has years of experience representing individuals in complex class actions (including data breach class actions). As such, Counsel's depth of experience informed both Plaintiff's settlement position, and the needs of Plaintiff and the proposed Settlement Class. While Plaintiff believes in the merits of her claims, Plaintiff is also aware that a successful outcome is uncertain—and would be achieved (if at all) only after prolonged, arduous litigation with the attendant risk of drawn-out appeals and the potential for no recovery at all. Based upon Counsel's substantial experience, it is our opinion that the proposed settlement warrants the Court's preliminary approval.

20. After all, this Settlement provides timely and significant relief to Class Members. And the terms of the Settlement are well within the range of those accepted by courts in similar data breach class action settlements.

21. The parties tailored the terms of the Settlement to address the specific potential harms (including out-of-pocket expenses, lost time, and the future risk of identity theft) caused by the Security Incident—thereby reimbursing both economic and non-economic losses.

22. This result is particularly favorable given the risks of protracted litigation. Plaintiff faces serious risks of: prevailing on the merits, proving causation, achieving class certification, maintaining class certification, and surviving appeal.

23. Not only does this Settlement avoid the risks of protracted litigation, but it also provides benefits to the Class Members *today*—as opposed to the mere possibility of future relief.

24. The Settlement's benefits unquestionably provide a favorable result to Class Members. As such, the Settlement is well within the range of acceptable outcomes that satisfy the requirements for preliminary approval.

25. Additionally, the Notice program contemplated by the Settlement provides the best practicable method to reach Class Members. Moreover, this particular Notice program is consistent with the notice programs approved by other courts in similar class actions.

26. Thus, Class Counsel asks the Court to grant preliminary approval of the Settlement Agreement and enter the proposed preliminary approval order.

## COUNSEL'S QUALIFICATIONS

**Raina C. Borrelli, Turke & Strauss LLP**

27. Turke & Strauss LLP is a law firm headquartered in Madison, Wisconsin. It focuses on complex civil litigation with an emphasis in consumer protection, employment, wage and hour, business, real estate, debtor-creditor matters, and class actions.

28. Raina C. Borrelli is a partner in Turke & Strauss LLP's nationwide class action practice. As such, she focuses on litigating complex class actions in state and federal courts—including disputes involving data breaches, the Telephone Consumer Protection Act ("TCPA"), false advertising, and consumer protection issues.

29. Ms. Borrelli received her J.D. *magna cum laude* from the University of Minnesota Law School in 2011. Prior to joining Turke & Strauss, Ms. Borrelli was a partner at Gustafson Gluek, where she successfully prosecuted complex class actions in federal and state courts. Ms. Borrelli is an active member of the Minnesota Women's Lawyers and the Federal Bar Association, where she has assisted in the representation of *pro se* litigants though the Pro Se Project. Ms. Borrelli has repeatedly been named to the annual Minnesota "Rising Star" Super Lawyers list (2014-2021) by SuperLawyers Magazine. She has also been repeatedly certified as a North Star Lawyer by the Minnesota State Bar Association (2012-2015; 2018-2020) for providing a minimum of 50 hours of pro bono legal services. In recent years, Ms. Borrelli has been substantially involved

in a number of complex class action matters in state and federal courts including: *Hudock v. LG Electronics USA, Inc.*, 16-cv-1220 (JRT/KMM) (D. Minn.); *Baldwin v. Miracle-Ear, Inc.*, 20-cv-01502 (JRT/HB) (D. Minn.); *In re FCA Monostable Gearshifts Litig.*, 16-md-02744 (E.D. Mich.); *Zeiger v. WellPet LLC*, 17-cv-04056 (N.D. Cal.); *Wyoming v. Procter & Gamble*, 15-cv-2101 (D. Minn.); *In re Big Heart Pet Brands Litig.*, 18-cv-00861 (N.D. Cal.); *Sullivan v. Fluidmaster*, 14-cv-05696 (N.D. Ill.); *Rice v. Electrolux Home Prod., Inc.*, 15-cv-00371 (M.D. Pa.); *Gorczynski v. Electrolux Home Products, Inc.*, 18-cv-10661 (D.N.J.); *Reitman v. Champion Petfoods*, 18-cv-1736 (C.D. Cal.); *Reynolds, et al., v. FCA US, LLC*, 19-cv-11745 (E.D. Mich.).

30.     Ms. Borrelli has significant experience in data privacy litigation and is currently litigating more than one-hundred data breach cases in courts around the country as lead counsel or co-counsel on behalf of millions of data breach victims—including *In re Netgain Tech. Consumer Data Breach Litig.*, 21-cv-1210 (D. Minn.) (appointed by the court to the Plaintiffs' Interim Executive Committee); *In re C.R. England, Inc. Data Breach Litig.*, 2:22-cv-374-DAK-JCB (appointed by the court has Interim Co-Lead Counsel); *Medina et al. v. PracticeMax Inc.*, 22-cv-01261-DLR (D. Ariz.) (appointed to Executive Leadership Committee); *Forslund et al. v. R.R. Donnelley & Sons Co.*, 1:22-cv-04260 (N.D. Ill.) (appointed as interim co-lead class counsel); *In re Lincare Holdings, Inc. Data Breach Litig.*, 8:22-cv-01472 (M.D. Fla.) (appointed to Interim Executive Leadership Committee); *McLaughlin v. Flagstar*, 22-cv-11470 (E.D. Mich.); *Corra et al. v. Acts Retirement Services, Inc.*, 2:22-cv-02917 (E.D. Pa.); *Grogan v. McGrath RentCorp., Inc.*, 22-cv-490 (N.D. Cal.); *Goetz v. Benefit Recovery Specialists, Inc.*, Case No. 2020CV000550 (Wis. Cir. Ct., Walworth Cty.) (data breach settlement on behalf of 500,000 breach victims); *Kunkelman v. Curators of the University of Missouri, d/b/a MU Health Care*, Case No. 21BA-

6

CV00182 (Mo. Cir. Ct., Boone Cty.); *Baldwin v. Nat'l Western Life Ins. Co.*, 21-cv-04066-WJE (W.D. Mo.) (settlement on behalf of 800,000 data breach victims).

31. A true and correct copy of the Turke & Strauss LLP Firm Resume is attached as **Exhibit B**.

Pursuant to 28 U.S.C. § 1746, I declare and sign under penalty of perjury of the United States of America that the foregoing is true and correct.

Dated: December 5, 2023                    By: *Raina C. Borrelli*
                                                Raina C. Borrelli
                                                TURKE AND STRAUSS LLP
                                                613 Williamson Street, Suite 201
                                                Madison, WI 53703
                                                Telephone: (608) 237-1775
                                                Facsimile: (608) 509-4423
                                                raina@turkestrauss.com

                                                *Counsel for Plaintiff and Proposed Class*

## **CERTIFICATE OF SERVICE**

I, Raina C. Borrelli, hereby certify that on December 5, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 5th day of December, 2023.

        TURKE & STRAUSS LLP

    By: */s/ Raina C. Borrelli*
        Raina C. Borrelli
        raina@turkestrauss.com
        TURKE & STRAUSS LLP
        613 Williamson St., Suite 201
        Madison, WI 53703
        Telephone: (608) 237-1775
        Facsimile: (608) 509-4423