ORIGINAL

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHERINE PETILLO, on behalf of herself and all others similarly situated,<br><br>                        Plaintiff,<br><br>v.<br><br>DILIGENT CORPORATION and UNIVERSITY OF COLORADO HEALTH dba UCHEALTH,<br><br>                       Defendants. | Case No. 1:23-cv-02439-LLS<br><br>Judge Louis L. Stanton<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 6/14/24 |

### [~~PROPOSED~~] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiff Katherine Petillo's Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). The Motion seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses to Settlement Class Counsel, and Service Award Payment to Plaintiffs ("Motion for Attorneys' Fees").

Having reviewed and considered the Settlement Agreement, Motion for Final Approval, and Motion for Attorneys' Fees, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS**, on January 5, 2024, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") **(Doc. No. 28)** which, among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, (b) appointed Plaintiff as the Settlement Class Representative and appointed

1

Raina Borrelli of the law firm Strauss Borrelli PLLC as Settlement Class Counsel; (c) preliminarily approved the Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Approval Hearing;

**WHEREAS**, on February 2, 2024, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Approval Hearing;

**WHEREAS**, on June 14, 2024, the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice;

**WHEREAS**, the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS**, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Settlement Class Counsel and counsel for Defendants, having reviewed all of the submissions presented with respect to the

proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees, costs, and expenses, and the application for a Service Award Payment to the Representative in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiff's Class Action Complaint against Defendants for purported failure to implement or maintain adequate data security measures and safeguards to protect Personal Information, which Plaintiff allege directly and proximately caused injuries to Plaintiff and Settlement Class Members.

3. The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

4. Unless otherwise indicated, words spelled in this Order and Judgment Granting Final Approval of Class Action Settlement ("Final Approval Order and Judgment") with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement, and for purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All individuals, or their respective successors or assigns, who reside in the United States and whose Personal Information was impacted by the Security Incident.

Excluded from the Settlement Class are (i) Defendants, their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class;

3

(iii) any judges assigned to this case and their staff and family; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

6. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

   a. Settlement Class Members to be able to submit claims that will be evaluated by the Settlement Administrator.

   b. All costs of Settlement Administration, including the cost of the Settlement Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks, are to be paid from the Settlement Fund.

   c. Subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel and Service Award Payment to the Class Representative are to be paid from the Settlement Fund.

4

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the Settlement Class proposed in the Settlement Agreement.

8. The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Approval Hearing, Plaintiff's application for attorneys' fees, costs, and expenses, and the Service Award Payment to the Settlement Class Representative have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9. The Court finds that the Notice, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

10. The Court finds that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11.     As of the Opt-Out Deadline, 3 potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in **Exhibit A** to this Final Approval Order and Judgment. Those persons are not bound by the Settlement Agreement and this Final Approval Order and Judgment and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement, as set forth in the Settlement Agreement. All Settlement Class Members who have not validly excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

12.     Zero objections were filed by Settlement Class Members. The Court has considered all objections and finds the objections do not counsel against Settlement Agreement approval, and the objections are hereby overruled in all respects.

13.     All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

14.     The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15.     The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Approval Order and Judgment and the terms of the Settlement Agreement.

16.     Pursuant to the Settlement Agreement, Defendants, the Settlement Administrator, and Settlement Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

17. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

18. Pursuant to and as further described in the Settlement Agreement, Plaintiff and the Settlement Class Members release claims as follows:

Upon the Effective Date, and in consideration of the Settlement benefits described herein, each Releasing Party shall be deemed to have completely and unconditionally released, acquitted, and forever discharged Defendants and each of the Released Parties from any and all Released Claims, including Unknown Claims.

"Released Claims" means any and all claims, liabilities, rights, demands, suits, actions, causes of action, obligations, damages, penalties, costs, attorneys' fees, losses, and remedies of every kind or description—whether known or unknown (including Unknown Claims), existing or potential, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that relate to or arise from the Security Incident, the facts alleged in the Class Action Complaint or subsequent operative complaint, Defendants' information security policies and practices, or Defendants' maintenance or storage of Personal Information, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law.

"Released Parties" means Diligent and UCHealth and each and every of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, owners, members, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as any and all of Diligent's, UCHealth's, and these entities' respective predecessors, successors, officers, directors, employees, advisors, vendors, customers, stockholders, partners, servants, agents,

7

attorneys, representatives, insurers, reinsurers, subrogees and assigns. Each of the Released Parties may be referred to individually as a "Released Party."

"Releasing Parties" means the Settlement Class Representative and Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, predecessors, successors, attorneys, assigns, and any other person purporting to assert a claim on their respective behalves.

"Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs, the Settlement Class, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Settlement Class Representative, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition

to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph. The Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Agreement to have acknowledged, that the foregoing waiver is a material term of the Agreement.

19.   Neither Defendants nor their Related Parties, shall have or shall be deemed to have released, relinquished, or discharged any claim against any person other than Plaintiff and each and all of the Settlement Class Members. In addition, none of the releases in the Settlement Agreement shall preclude any action to enforce the terms of the Settlement Agreement by Plaintiff, Settlement Class Members, Settlement Class Counsel, and/or Defendants.

20.   The Court grants final approval to the appointment of Plaintiff Katherine Petillo as Settlement Class Representative. The Court concludes that the Settlement Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

21.   Pursuant to the Settlement Agreement, and in recognition of her efforts on behalf of the Settlement Class, the Court approves a payment to the Settlement Class Representative in the amount of $4,000.00 as a Service Award Payment, to be paid from the Settlement Fund consistent with the terms of the Settlement.

22.   The Court grants final approval to the appointment of Raina Borrelli of the law firm Strauss Borrelli PLLC as Settlement Class Counsel. The Court concludes that Settlement Class Counsel has adequately represented the Settlement Class and will continue to do so.

23.   The Court, after careful review of the fee petition filed by Settlement Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants

Settlement Class Counsel's application for attorneys' fees of one-third of the Settlement Fund (or $163,333.33) and expenses of $9,186.24, to be paid from the Settlement Fund. Payment shall be made pursuant to the terms of the Settlement Agreement.

24. This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendants of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendants or of the validity or certifiability for litigation the Settlement Class or any claims that have been, or could have been, asserted in the Action. This Final Approval Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, nor shall they be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Defendants, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by Defendants that Plaintiff's claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect in, all pending and future lawsuits, claims, suits, demands, petitions, causes of action, or other proceedings as to Released Claims and other prohibitions set forth in this Final

Approval Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Action, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Defendants will pay amounts already billed or incurred for costs of notice to the Settlement Class, and Settlement Administration, and will not, at any time, seek recovery of same from any other Party to the Action or from counsel to any other Party to the Litigation.

25.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

26.  Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

27.  This Order resolves all claims against all Parties in this action and is a final order.

28.  The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

IT IS SO ORDERED

_June 14, 2024_
Dated

_Louis L. Stanton_
Hon. Louis L. Stanton

Diligent Corp (Petillo) Exclusion List

1. LYNNE GERBER
2. EDWARD L HOFFMAN
3. LAURA GOTTERMEIER